Opinion of the court by
Mr. Chief Justice Shahkey:
The case has not been argued for the complainant either at bar or by briefs; we can only therefore take such a view of it as the prominent features may seem to us to suggest. The object sought to be attained, is the protection of the mortgage lien on particular negroes, against the general lien of the execution, on the ground that there was property enough to satisfy the execution, without *256 encroaching on the mortgage property. As a general rale it is undoubtedly true that where there is a lien on a particular fund, and an older lien on the general fund of which the particular fund is a part, equity on the plainest principles of justice will compel the holder of the older lien to resort to the fund which is not covered by the younger, if it can be done without prejudice to his rights. Thus both are protected. But I apprehend no case can be found in which this has been done, after a sale under the older lien. There the rights of third persons are to be looked to and protected. The lien having been consummated, is no longer subject to the control of the court. The sale, unless it can be set aside for some intrinsic defect, concludes the rights of all parties.
Several specific allegations are made, as the foundation of the prayer to rescind the sale:
First. That it was procured by fraud committed by Magee and Drake. This is denied by the answers, and there is no proof whatever which tends in the slightest degree to prove it.
Second. That the judgment against Spears had not been revived by scire facias. A sale made under an execution which issued without a revival of the judgment, is not absolutely void, but voidable only; and it cannot be avoided collaterally. It must stand until it is regularly set aside. Tho parties to'the judgment do not here complain of it. See 1 Howard, 1; and other authorities there cited.
Third. That the sale was void because the sheriff did not advertise the property according to law. There is no other proof on this subject than the return itself. In. that the sheriff recites that he had advertised according to law. The sheriff being a sworn officer, it is to be presumed that he acted correctly. The return is at least prima facie evidence that he did advertise. I Yerger, 308.
Fourth. That a levy was made on other property, which the sheriff was induced to withdraw on the day of sale. On this subject there is no proof. It seems indeed to be doubtful whether there was at that time other property sufficient to satisfy the execution.
In regard to the knowledge of the purchasers and others that *257 the negroes were subject to the mortgage, and that they thereby sold for less than their value, even supposing this charge to be all true, it amounts to nothing. It was a mistaken notion that the mortgage was a prior lien, which might have been corrected by the proper inquiry; but it is altogether improbable that any such impression could have existed.
The decree of the chancellor must be reversed, and a decree for the appellants.
Judge TURNER gave no opinion.